UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LORI SHEM-TOV, )
c/o Moshe Shalem )
P.O. Box 14486 )
Tel Aviv 6114401 )
ISRAEL )
 )
                     Plaintiff, )
 )
      vs. )
 )
DEPARTMENT OF JUSTICE, )
Criminal Division )
Suite 1127 )    **Case: 1:17-cv-02452   (I Deck)**
Keeney Building, NW )    **Assigned To : Unassigned**
Washington, DC 20530-0001. )    **Assign. Date : 11/13/2017**
 )    **Description: FOIA/Privacy Act**
DEPARTMENT OF HOMELAND SECURITY, )
Disclosure & FOIA Program )
STOP 0655 )
245 Murray Drive, SW )
Washington, DC 20528-0655 )
 )
INTERPOL WASHINGTON, )
U.S. Department of Justice )
ATTN: Office of General Counsel )
Washington, DC 20530-0001 )
                    Defendants. )

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records, concerning all information related to a criminal investigation mentioned in a letter dated May 18, 2017 **(EXHIBIT 1)**, which defendants have improperly withheld from plaintiff.

2. Upon information and belief, records the defendants improperly withhold from the plaintiff extends beyond Wordpress documents and apparently includes documents such as Google and/or Gmail as well as other sources of information.



RECEIVED

NOV 1 3 2017

Clerk, U.S. District and
Bankruptcy Courts

3. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff, Lori Shem-Tov, is an accredited journalist **(EXHIBIT 2)** imprisoned in Israel for eight months, and is the requester of the records which defendants are now withholding. Plaintiff has requested this information for use to defend herself in criminal trial and prompt release of the information is essential for her trial while she remains incarcerated pending a final judgment.

5. Defendants, Department of Justice, Homeland Security, and Interpol Washington, are agencies of the United States and have possession of the documents that plaintiff seeks. Pursuant to *Brady vs. Maryland* 373 US 83 (1963), the plaintiff is entitled to all material in the defendants' possession that she needs to defend herself at trial.

6. On September 13, 2017, the plaintiff signed a specific power-of-attorney authorizing R. David Weisskopf to make FOIA requests on her behalf **(EXHIBIT 3)**.

7. By letter dated September 15, 2017, plaintiff's attorney-in-fact sent FOIA requests to each defendant **(EXHIBITS 4, 5, 6)**.

8. By letter dated September 19, 2017, Defendant Homeland Security denied plaintiff access to the requested information on the grounds that it was "too broad" **(EXHIBIT 7)**.

9. By letter dated September 21, 2017 Defendant Interpol denied plaintiff expedited access to the requested information without stating when they would provide the requested information **(EXHIBIT 8)**.

10. By letter dated September 22, 2017 the Department of Justice stated it was extending the time to provide the requested information by 10 days **(EXHIBIT 9)**. To date, no information or updates have been received.

11. On October 2, 2017, plaintiff's attorney-in-fact filed an administrative appeal and a corrected version on October 3, 2017 **(EXHIBIT 10)**.

12. Plaintiff's attorney-in-fact received a letter from Defendant Interpol dated October 10, 2017 **(EXHIBIT 11)** in which they admitted to having at least 72 pages of documents which they only released 45 pages to the plaintiff.

13. On October 11, 2017 plaintiff's attorney-in-fact filed Interpol's response in the administrative appeal along with a response that included the following points:

    a.     Interpol misapplied exceptions in 5 U.S. Code § 552(b) to withhold 27 pages of the requested documents and redact portions of the documents released to Ms. Shem-Tov. They claimed that there were three categories of documents involved in Ms. Shem-Tov's FOIA request – 45 pages released with redactions; 11 pages that they refuse to release; and 16 pages that Interpol turned over to Homeland Security for their determination whether to release said documents to Ms. Shem-Tov.

    b.     Interpol misapplied 5 U.S. Code § 552(b)(6), "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". The intent of this exception is to protect Ms. Shem-Tov's right to privacy from third parties such as a journalist requesting Ms. Shem-Tov's medical records without her written consent. This is a FOIA request by Ms. Shem-Tov herself via a signed power-of-attorney and attached to the FOIA request. Therefore (b)(6) does not apply to this FOIA request.

    c.     Interpol further cited 5 U.S. Code § 552(b)(7)(C), "could reasonably be expected to constitute an unwarranted invasion of personal privacy" and (D), "information that could reasonably be expected to disclose the identity of a confidential source" without first citing (b)(7)(A), "could reasonably be expected to interfere with enforcement proceedings," and (B), "would deprive a person of a right to a fair trial or an impartial adjudication". This entire exception in its proper context relates to an ongoing criminal

investigation in which, "the life or physical safety of any individual" is at stake. Like (b)(6), this section's intention is to protect Ms. Shem-Tov from undue bias if a third-party were to publish confidential details and taint criminal proceedings against her. This FOIA request is made by Ms. Shem-Tov in order to defend herself at criminal trial.

d. Furthermore, this is not a murder trial against Ms. Shem-Tov. Ms. Shem-Tov is an credentialed journalist whose articles are at issue. The documents being requested under this FOIA request involve Ms. Shem-Tov's constitutional right to freedom of the press while facing criminal allegations against her that she was somehow involved with criminal activity. The plaintiff denies such criminal allegations.

e. Upon information and belief, the defendants are withholding documents from the plaintiff that would exonerate her. She has a constitutional right to prove her innocence and the defendants cannot obstruct her right to due process. There is not a single document involved in this FOIA request that would reasonably pose a threat to anyone's life or physical safety if released to Ms. Shem-Tov for use to defend herself at criminal trial.

f. The Interpol documents released thus far indicate that the criminal investigation against Ms. Shem-Tov has concluded. The blogs in question have already been shut down; indictments have already been filed in court against Ms. Shem-Tov, and she currently sits in prison under close supervision. There is no criminal investigation that would be jeopardized by releasing the said documents to Ms. Shem-Tov nor is there any indication that a court ordered any documents to be withheld from Ms. Shem-Tov. As of this FOIA request, Ms. Shem-Tov's constitutional rights to due process and to face her accusers takes priority under the very sections of 5 U.S. Code § 552 that Interpol cited.

g. Ms. Shem-Tov is entitled to full non-redacted release of all materials pursuant to *Brady vs. Maryland* (1963) in order to defend herself in a criminal matter.

14. Upon information and belief, the Defendants are withholding more records than those declared in Defendant Interpol's above-referenced letter.

15. Upon information and belief, there are more than 75 pages of documents that the defendants are improperly withholding from the plaintiff and obstructing her ability to prove her innocence against criminal allegations being charged against her.

16. The due date for completion of the administrative appeal was October 31, 2017 **(EXHIBIT 12)**.

17. The due date has passed without resolution of the urgent FOIA request.

18. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

**WHEREFORE**, plaintiff requests this Court:

(1) Order defendant to provide access to the requested documents;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff costs and reasonable legal fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

Lovry Shemtov [signature]

LORI SHEM-TOV,
c/o Moshe Shalem
P.O. Box 14486
Tel Aviv 6114401   ISRAEL
Phone: 011-972-50-827-5373
E-Mail: 16cv7593@gmail.com

Dated: November 2, 2017