UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI SHEM-TOV, <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Civil Action No. 17cv2452 (RDM) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACT
AS TO WHICH THERE IS NO DISPUTE**

Pursuant to Federal Civil Procedure Rule 56 and Local Civil Rule 7(h), the Defendants INTERPOL Washington and the Department of Homeland Security ("DHS"), through Immigration and Customs Enforcement ("ICE"), by and through counsel, responds to Plaintiff's Statement of Material Fact as to Which There is No Dispute, located at ¶ 18 of Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF No. 41):

I. **DEFENDANT'S STATEMENT OF GENUINE ISSUES**

Pursuant to the Local Civil Rules, a party opposing a motion for summary judgment must provide "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h). In the present matter, however, Defendants do

not contend that any genuine issues of material fact exist, and so have moved for summary judgment on their behalf. Defendants' Motion for Summary Judgment and the Statement of Material Facts Not in Genuine Dispute, ECF No. 34.

## II.   RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS NOT IN DISPUTE

Under the Rules governing summary judgment motions, all facts and evidence submitted to the Court must be admissible in evidence. Fed. R. Civ. P. 56(c)(2). In opposition to Plaintiff's motion for summary judgment, Defendants contend that Plaintiff failed to provide facts as would be admissible in evidence. *See Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C.Cir.1987) (per curiam) (only if the moving party satisfies his burden is the non-moving party "required to provide evidence that would permit a reasonable jury to find" in its favor) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Specifically, Plaintiff has failed to present any facts contained in Paragraphs c, d, f, g, i, and j of her Statement of Facts in a form that would be admissible at a trial. Having failed to demonstrate by admissible and relevant facts that she is entitled to summary judgment as a matter of law, the Court should deny Plaintiff's Cross-Motion, and enter judgment in favor of Defendants.

Defendants specifically address Plaintiff's Statement of Material Facts as follows:

a. Defendants admit that Plaintiff writes blogs, but denies that her blogs actually criticize "governmental corruption in child welfare procedures."

b. Admit that the server that hosts Plaintiff's blogs are located in the United States and are subject to the laws and protections of the United States.

c. Denied.

d. Defendants admit that Plaintiff was arrested and indicted, but deny that Plaintiff's arrest or indictment were a result of the "Defendants handing said documents over to Israeli prosecutors." Notably, Plaintiff states in her declaration that she was arrested on February 27, 2017, and indicted on April 6, 2017. Plaintiff Decl. at ¶ 9. Plaintiff further states, however, that the information obtained by the United States pursuant to the Israeli MLAT request was transferred to the Israeli prosecutors on September 20, 2017 – over six months after the indictment. *Id.*

e. Defendants are without information to admit or deny that Plaintiff "sat in prison for over two years . . . until the Israeli Supreme Court ordered the prosecutors to release her on bail until the end of her trial." Defendants deny that Plaintiff was held as a "political prisoner."

f. Denied. The law enforcement matter regarding Plaintiff's criminal charges in Israel are still ongoing. *See* Plaintiff Decl. at ¶ 5 (the trial in Israel is set to begin November 1, 2019).

g. Denied.

h. Admitted.

i. Denied.

j. Paragraph j is vague and confusing. To the extent that a response is required, denied.

k. Denied. Plaintiff confuses the Defendants in this summary judgment matter with the Department of Justice Criminal Division ("DOJ Criminal Division"), who is currently locating and processing "Under Seal" documents pursuant to the requirements of *Morgan v. U.S. Department of Justice*, 923 F.2d 195, 197-98 (D.C. Cir. 1991) and *Borda v. U.S. Department of Justice,* 306 F. Supp. 3d 306, 315-16 (D.D.C. 2018). Defendants do not know the number of pages being processed by the DOJ Criminal Division, but neither those documents nor the DOJ Criminal Division are subject to the pending summary judgment proceedings.

l. Admitted as to Defendants INTERPOL Washington and ICE only. *See* Minute Order of the Court dated August 9, 2019.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division


By:    /s/ Darrell C. Valdez
     DARRELL C. VALDEZ, D.C. Bar #420232
     Assistant United States Attorney
     555 Fourth Street, N.W., Room E-4216
     Washington, D.C. 20530
     (202)252-2507
     Darrell.Valdez@usdoj.gov