UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI SHEM-TOV, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants.* | Civil Action No. 17-2452 (RDM) |

## MEMORANDUM OPINION

Plaintiff Lori Shem-Tov brought this Freedom of Information Act ("FOIA") case in November 2017 against the United States Department of Justice, the Department of Homeland Security ("DHS"), and INTERPOL Washington, U.S. National Central Bureau ("USNCB"). Dkt. 1 (Compl.). At the time, she was incarcerated in Israel pending trial on charges related to her alleged publishing of personal information about Israeli judicial and government officials and private individuals on the internet, using blog entries to accuse these officials of sexually or physically abusing their own children and children under their care, and publishing personal information about their children, including their names, addresses, schools, medical and psychiatric treatment, and other information. *Shem-Tov v. Dep't of Just.*, 531 F. Supp. 3d 102, 105 (D.D.C. 2021) ("*Shem-Tov II*"). She sought certain records from Defendants "for use to defend herself in [her] criminal trial." Dkt. 1 at 2 (Compl. ¶ 4).

Defendants answered Shem-Tov's complaint and made efforts to produce certain responsive records. Dkt. 11; *see, e.g.*, Dkt. 14; Dkt. 16. Unable to resolve all of their disputes, the parties engaged in several rounds of summary judgment briefing in parallel with that

production, resulting in two opinions from this Court. In the first, the Court granted in part motions for summary judgment from DHS and USNCB. *Shem-Tov v. Dep't of Just.*, No. 17-2452, 2020 WL 2735613, at *1 (D.D.C. May 25, 2020) ("*Shem-Tov I*"). But it denied those motions with respect to certain withheld records and did not address withholdings by the Department of Justice, which had not yet moved for summary judgment. *Id.* In the second, the Court granted USNCB's renewed motion for summary judgment regarding the records with respect to which the Court had previously denied summary judgment in *Shem-Tov I*. *Shem-Tov II*, 531 F. Supp. 3d at 105.

Shem-Tov initiated a third round of summary judgment briefing on June 27, 2022. Dkt. 79. In her motion for summary judgment, she notified the Court that she was no longer incarcerated. *Id.* at 3. In light of that representation, the Court ordered her on July 11, 2022 to provide it with an updated address of residence on or before August 11, 2022. Min. Order (July 11, 2022). She has never done so. In the meantime, Defendants twice moved for an extension of time to respond to Shem-Tov's motion. Dkt. 80; Dkt. 81. The Court granted the first without requesting a response from Shem-Tov, Min. Order (July 15, 2022), but ordered her to respond to the second, Min. Order (Aug. 19, 2022). She did not respond for six weeks, so the Court granted the second motion on October 3, 2022. Min. Order (Oct. 3, 2022).

At this point, Shem-Tov had been unresponsive for twelve weeks, notwithstanding two orders from the Court that required a response. *See* Min. Order (July 11, 2022); Min. Order (Aug. 19, 2022). In light of Shem-Tov's apparent disengagement from the case, the Court stayed all deadlines on October 7, 2022 and ordered her to file a status report on or before November 7, 2022, indicating whether she intended to continue to pursue the case. Min. Order (Oct. 7, 2022). The Court warned her that failure to comply with the order might "result in dismissal of this

action for failure to prosecute." *Id.* It is now three weeks past the deadline the Court set for Shem-Tov to file a status report—over seven weeks since the Court's order—and she has not responded. The Court has not heard from Shem-Tov in twenty weeks in total, and she has ignored three orders during this period. Min. Order (July 11, 2022); Min. Order (Aug. 19, 2022); Min. Order (Oct. 7, 2022).

The Court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *Bristol Petrol. Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) ("'[W]hen circumstances make such action appropriate,' a district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case." (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962))). Such dismissal is warranted "if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). When making this determination, courts consider the impact of a plaintiff's dilatory conduct on the docket, "whether the plaintiff's behavior has prejudiced the defendant," and whether a milder sanction than dismissal is appropriate. *Bristol Petrol. Corp.*, 901 F.2d at 167. A "lengthy period of inactivity" can justify dismissal for failure to prosecute, particularly "if the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders, or if he has no excuse for the delay, or if there are other factors aggravating the inaction." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (internal quotation marks omitted).

Dismissal of this case for failure to prosecute is warranted. Although Shem-Tov initially pursued the case with diligence, the Court has not heard from her for almost five months. *See* Dkt. 79. Not only that, she has disregarded three Court orders during this period, each time

without excuse.  *See* Min. Order (July 11, 2022); Min. Order (Aug. 19, 2022); Min. Order (Oct. 7, 2022).  The Court also warned her nearly two months ago that a failure to re-engage could lead to dismissal.  Min. Order (Oct. 7, 2022).  At this point, Defendants would be prejudiced if required to respond to her lengthy motion for summary judgment, as there is no indication that she remains interested in pursuing the litigation.  Although it is possible that Shem-Tov is not receiving the Court's orders because the Court never received notice of her current address, that is no justification for her inactivity.  It is her obligation to keep the Court apprised of her current address, Local Civ. R. 5.1(c)(1), an obligation of which the Court reminded her many months ago, Min. Order (July 11, 2022).  Under these circumstances, no step short of dismissal without prejudice will "secure the just, speedy, and inexpensive determination of [this] action."  Fed. R. Civ. P. 1.

## CONCLUSION

For the foregoing reasons, the Court will dismiss this action without prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  November 28, 2022